Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@ toddflaw.com
abacon@ toddflaw.com
***Attorneys for Plaintiff s***

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVIA SCHICK, JAMES NETHNAY, JAMES SCHAFFER, JOSEPH BOND, LISA GRAHAM, LYNNE CROWTON, MICHAEL SCOTT HOGE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>HEALTH INSURANCE INNOVATIONS, INC., and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No.<br><br>**<u>CLASS ACTION</u>**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br><br>**<u>DEMAND FOR JURY TRIAL</u>** |

Plaintiffs SYLVIA SCHICK, JAMES NETHNAY, JAMES SCHAFFER, JOSEPH BOND, LISA GRAHAM, LYNNE CROWTON, MICHAEL SCOTT HOGE (“Plaintiffs”), individually and on behalf of all others similarly situated,

alleges the following upon information and belief based upon personal knowledge:

**NATURE OF THE CASE**

1. Plaintiffs bring this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of HEALTH INSURANCE INNOVATIONS, INC. ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiffs on their cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, thereby invading Plaintiffs' privacy and causing her to incur unnecessary and unwanted expenses.

**JURISDICTION & VENUE**

2. Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiffs, are residents of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a Florida corporation. Plaintiffs also seek up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Central District of California pursuant to *28 U.S.C. § 1391(b)(2)* because Defendant does business within the State of California and one or more Plaintiffs reside within the County of Orange.

**PARTIES**

4. Plaintiff, SYLVIA SCHICK ("Plaintiff"), is a natural person residing in Scottsdale, Arizona and is a "person" as defined by *47 U.S.C. § 153 (39)*.

5. Plaintiff, JAMES NETHNAY ("Plaintiff"), is a natural person residing in Boynton Beach, Florida and is a "person" as defined by *47 U.S.C. § 153*

*(39)*.

6. Plaintiff, JAMES SCHAFFER ("Plaintiff"), is a natural person residing in Huntington Beach, California and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7. Plaintiff, JOSEPH BOND ("Plaintiff"), is a natural person residing in Atlanta, GA and is a "person" as defined by *47 U.S.C. § 153 (39)*.

8. Plaintiff, LISA GRAHAM ("Plaintiff"), is a natural person residing in Oklahoma City, Oklahoma and is a "person" as defined by *47 U.S.C. § 153 (39)*.

9. Plaintiff, LYNNE CROWTON ("Plaintiff"), is a natural person residing in Louisville, Kentucky and is a "person" as defined by *47 U.S.C. § 153 (39)*.

10. Plaintiff, MICHAEL SCOTT HOGE ("Plaintiff"), is a natural person residing in San Bernardino, CA and is a "person" as defined by *47 U.S.C. § 153 (39)*.

11. Defendant, HEALTH INSURANCE INNOVATIONS, INC. ("Defendant"), is a distributor of health insurance and related products, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

12. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendant." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

13. Plaintiffs are informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or

employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

14. Beginning in or around July of 2018, Defendant contacted Plaintiff Nethnay on Plaintiff Nethnay's cellular telephone number ending in – 7319, in an attempt to solicit Plaintiff to purchase Defendant's services.

15. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff Nethnay seeking to solicit its services.

16. Defendant contacted or attempted to contact Plaintiff Nethnay from telephone numbers confirmed to belong to Defendant, including without limitation (240) 252-4685, (562) 358-3585 and (712) 243-5648,.

17. Beginning in or around July of 2018, Defendant contacted Plaintiff Lisa Graham on her landline telephone number ending in – 6484, in an attempt to solicit Plaintiff to purchase Defendant's services.

18. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff Graham seeking to solicit its services.

19. Defendant contacted or attempted to contact Plaintiff Graham from telephone numbers confirmed to belong to Defendant, including without limitation (405) 345-9688, (405) 345-9768, (405) 347-8864 and (405) 345-9718,.

20. Beginning in or around July of 2018, Defendant contacted Plaintiff Crowton on Crowton's cellular telephone number ending in – 6670, in an attempt to solicit Plaintiffs to purchase Defendant's services.

21. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff Crowton seeking to solicit its

services.

22. Defendant contacted or attempted to contact Plaintiff Crowton from telephone numbers confirmed to belong to Defendant, including without limitation (330) 227-6083 and (520) 777-7205.

23. Beginning in or around July of 2018, Defendant contacted Plaintiff Bond on Bond's cellular telephone number ending in – 1282, in an attempt to solicit Plaintiff to purchase Defendant's services.

24. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff Bond seeking to solicit its services.

25. Defendant contacted or attempted to contact Plaintiff Bond from telephone numbers confirmed to belong to Defendant, including without limitation (339) 268-7141 and (336) 203-3927.

26. Beginning in or around September of 2018, Defendant contacted Plaintiff Schick on Schick's cellular telephone number ending in – 0440, in an attempt to solicit Plaintiff to purchase Defendant's services.

27. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff Schick seeking to solicit its services.

28. Defendant contacted or attempted to contact Plaintiff Schick from telephone numbers confirmed to belong to Defendant, including without limitation (201) 215-5958.

29. Beginning in or around October of 2018, Defendant contacted Plaintiff Hoge on Hoge's cellular telephone number ending in – 6378, in an attempt to solicit Plaintiff to purchase Defendant's services.

30. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff Hoge seeking to solicit its services.

31. Defendant contacted or attempted to contact Plaintiff Hoge from telephone numbers confirmed to belong to Defendant, including without limitation (951) 288-4064.

32. Beginning in or around November of 2018, Defendant contacted Plaintiff Schaffer on Schaffer's cellular telephone number ending in – 6033, in an attempt to solicit Plaintiffs to purchase Defendant's services.

33. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its call to Plaintiff Schaffer seeking to solicit its services.

34. Defendant contacted or attempted to contact Plaintiff Schaffer from telephone numbers confirmed to belong to Defendant, including without limitation (631) 466-3012.

35. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

36. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

37. Furthermore, at one or more instance during these calls, Defendant utilized an "artificial or prerecorded voice" as prohibited by *47 U.S.C. § 227(b)(1)(A)*.

38. Plaintiffs are not a customer of Defendant's services and has never provided any personal information, including his telephone number, to Defendant for any purpose whatsoever. Accordingly, Defendant never received Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

39. Plaintiffs are not customers of Defendant's services and have never provided any personal information, including their cellular telephone numbers, to

Defendant for any purpose whatsoever. In addition, Plaintiffs told Defendant at least once to stop contacting them and Plaintiff JAMES SCHAFFER has been registered on the Do-Not-Call Registry for at least thirty (30) days prior to Defendant contacting him. Accordingly, Defendant never received Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on their cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

40. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

41. Plaintiffs received numerous solicitation calls from Defendant within a 12-month period.

42. Upon information and belief, and based on Plaintiffs' experiences of being called by Defendant despite having no prior relation to Plaintiffs whatsoever, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

**CLASS ALLEGATIONS**

43. Plaintiffs bring this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereinafter, "The Class"), defined as follows:

44. The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this

Complaint

45. The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

46. Plaintiffs represent, and are members of, The Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

47. Plaintiff JAMES SCHAFFER represents, and is a member of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

48. Defendant, its employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believes the Class's members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

49. The Classes are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The Classes members are unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs are informed and believes and thereon alleges that The Classes includes thousands of members. Plaintiffs allege that The Class members may be ascertained by the records maintained by Defendant.

50. Plaintiffs and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiffs and The Class members via their cellular telephones thereby causing Plaintiffs and The Class members to incur certain charges or reduced telephone time for which Plaintiffs and The Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiffs and The Class members.

51. Plaintiffs and members of The ATDS Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiffs and ATDS Class members via their cellular telephones thereby causing Plaintiffs and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiffs and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiffs and ATDS Class members.

52. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendants made any telemarketing/solicitation

call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b. Whether Plaintiffs and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendants should be enjoined from engaging in such conduct in the future.

53. As a person that received numerous telemarketing/solicitation calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of The ATDS Class.

54. Plaintiff JAMES SCHAFFER and members of The DNC Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff and the DNC Class members were damaged thereby.

55. Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendants or its agents placed more than one

solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendants and did not have an established business relationship with Defendants;

b. Whether Defendants obtained prior express written consent to place solicitation calls to Plaintiff or the DNC Class members' telephones;

c. Whether Plaintiff and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

d. Whether Defendants should be enjoined from engaging in such conduct in the future.

56. As a person that received numerous solicitation calls from Defendants within a 12-month period, who had not granted Defendants prior express consent and did not have an established business relationship with Defendants, Plaintiff is asserting claims that are typical of the DNC Class.

57. Plaintiffs will fairly and adequately protect the interests of the members of The Classes. Plaintiffs have retained attorneys experienced in the prosecution of class actions.

58. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Classes members is impracticable. Even if every Classes member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action

presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Classes member.

59. The prosecution of separate actions by individual Classes members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

60. Defendants have acted or refused to act in respects generally applicable to The Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

**FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b).**

**On Behalf of the ATDS Class**

61. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

62. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

63. As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)*, Plaintiffs and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

64. Plaintiffs and the ATDS Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

///

**SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class**

65. Plaintiffs repeat and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

66. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(b)*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

67. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(b)*, Plaintiffs and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

68. Plaintiffs and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**THIRD CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

**On Behalf of the DNC Class**

69. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

70. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, and in particular *47 U.S.C. § 227 (c)(5)*.

71. As a result of Defendants' negligent violations of *47 U.S.C. § 227(c)*,

Plaintiff and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

72. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**FOURTH CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class**

73. Plaintiffs repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-37.

74. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227(c)*, in particular *47 U.S.C. § 227 (c)(5)*.

75. As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)*.

76. Plaintiff and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against Defendant for the following:

**FIRST CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the ATDS Class members are entitled to

and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.

- Any and all other relief that the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

**THIRD CAUSE OF ACTION**

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

**FOURTH CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(c)**

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiff and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500,

for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.

- Any and all other relief that the Court deems just and proper.

**JURY DEMAND**

77. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.

Respectfully Submitted this 27th Day of March, 2019.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: /s/ Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiffs